IN THE UNITED STATES DISTRICT COURT FILED BY *Bmw* D.C.
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION    05 OCT 28 PM 3: 46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | Cv. No. 05-2020-Ma/V |
| BENJAMIN JOHNSON, | X | Cr. No. 04-20141-Ma |
| Defendant. | X | |

---

ORDER GRANTING DEFENDANT'S MOTION TO AMEND
ORDER DIRECTING DEFENDANT TO FILE AN AMENDED MOTION
AND
ORDER DIRECTING THE GOVERNMENT TO RESPOND TO THE MOTION

---

On January 10, 2005, defendant Benjamin Johnson, Bureau of Prisons inmate registration number 19553-076, an inmate at the Federal Prison Camp in Pollock, Louisiana, filed a pro se motion pursuant to 28 U.S.C. § 2255. On January 27, 2005, defendant filed a document, entitled "Motion to Amend," that consisted of both a motion to file an amended motion and the amendment itself. As the limitations period for filing a timely § 2255 motion had not expired when the motion to amend was filed, the Court GRANTS defendant's motion to amend.

On March 22, 2004, pursuant to a written plea agreement, Johnson appeared before this judge to plead guilty to a criminal information charging him with two counts of wire fraud in violation of 18 U.S.C. § 1343. After a plea colloquy, the Court accepted Johnson's guilty plea.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-28-05

Count one of the information alleged, in pertinent part, as follows:

1.     From     approximately     June     2000     until approximately June 2002, the Defendant, BENJAMIN JOHNSON[,] was part owner and operator of a business known as Johnson Communications and H&J Associates. Johnson Communications and H&J Associates installed office telephone systems and other subcontracting work for XO Communications. As the owner and operator of Johnson Communications and H&J Associates, the defendant, BENJAMIN JOHNSON[,] did knowingly, willfully and unlawfully execute, and attempt to execute, a scheme and artifice to defraud and to obtain money under false pretenses.

The scheme and artifice was in substance as follows:

a.     It was part of the scheme and artifice to defraud and to obtain money under false pretenses that the defendant, BENJAMIN JOHNSON, approached potential investors and told them that Johnson Communications and/or H&J Associates either had or was seeking large contracts to install telephone systems, knowing full well that said information was false.

b.     It was part of the scheme and artifice to defraud and to obtain money under false pretenses that the defendant, BENJAMIN JOHNSON, told the potential investors that Johnson Communications and/or H&J Associates needed additional capital in order to complete the work on the contract, knowing that said information was false.

c.     It was part of the scheme and artifice to defraud and to obtain money under false pretenses that the defendant, BENJAMIN JOHNSON, obtained loans from investors after making the false representations that the loans would be repaid by Johnson Communications and/or H&J Associates from the proceeds from the telephone installation contracts. The defendant knew full well that there were no large telephone system installation contracts to produce sufficient revenue to satisfy the repayment of such investments.

d.     As part of the scheme and artifice to defraud and to obtain money under false pretenses and in order to induce the investors to make loans to him and/or Johnson Communications or H&J Associates, the defendant prepared or caused to be prepared promissory notes for the repayment of any funds supplied by the investors.

2

e.   It was further part of the scheme and artifice to defraud and to obtain money under false pretenses that the defendant, BENJAMIN JOHNSON, would obtain and utilize the fraudulently obtained loans for his personal gain and benefit. As a result of the scheme and artifice to defraud or to obtain money under false pretenses, the defendant, BENJAMIN JOHNSON, obtained in excess of one million dollars ($1,000,000) and the victims sustained total losses in an amount in excess of $575,000.

The first count of the information also alleges that, on or before May 15, 2002, Johnson induced Chris Rooker "to make a loan or investment of a total of $68,600 by representing to Rooker that [he] would pay to Rooker double the amount of the investment in two weeks," Information, Count 1, ¶ 2, and that, as a result of those representations, Rooker made a wire transfer to Johnson in the amount of $34,500, id., ¶ 3. The second count of the information alleges that, on or about May 20, 2002, Rooker wired $24,000 to Johnson.

The Court conducted a sentencing hearing on June 23, 2004, at which Johnson was sentenced to thirty (30) months imprisonment, to be followed by a two-year period of supervised release.[1] Johnson was also ordered to pay restitution in the amount of $582,500.72. Judgment was entered on July 1, 2004. An amended judgment was entered on August 10, 2004. Johnson did not take a direct appeal.

---

[1]   Pursuant to § 2B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for larceny, embezzlement, and other forms of theft is 6. Johnson received a 14-point enhancement, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), because the loss exceeded $400,000 but was less than $1,000,000. He received a two-point enhancement because the offense involved more than 10, but fewer than 50, victims, U.S.S.G. § 2B1.1(b)(2)(A)(i), resulting in an adjusted offense level of 22. Johnson also received a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 19. Given Johnson's criminal history category of I, the guidelines called for a sentencing range of 30-37 months.

3

In his original motion, which was filed on January 10, 2005, Johnson asserted that he received ineffective assistance of counsel, in violation of the Sixth Amendment. The specific aspects of counsel's deficient performance are not clearly articulated in the motion. Johnson appears to allege that his attorney:

1. Failed to file a notice of appeal to challenge the sentence imposed despite being instructed to do so;

2. Had an actual conflict of interest, as he provided legal advice concerning the matters that are the subject of the criminal information and his legal fees were paid from the proceeds of the loans at issue;

3. Recommended that Johnson plead guilty before investigating the facts of the case;

4. "[W]as suffering from medical problems with his heart and back which required that he take pain medication which materially altered his thought process;"[2]

5. Failed to explain the elements of the criminal charges to which Johnson entered guilty pleas; and

6. Failed to object to the presentence report, which contained material misstatements concerning the amount of loss and the alleged criminal behavior, and failed to show the report to Johnson.

In his amendment, which was filed on January 27, 2005, Johnson asserted, as additional grounds for his claim that his attorney had an actual conflict of interest, that he (a) had represented Vicki Hare, Johnson's former business partner and, apparently, "the Government's star witness,"[3] in a civil matter within the year prior to representing Johnson in his criminal case; (b) represented H&J Associates; (c) represented Johnson, Hare, and

---

[2]   Brief in Support of Ground 1 ("D. 01/10/05 Br."), at p. 5.

[3]   Motion to Amend, filed Jan. 27, 2005 ("D. 01/27/05 Br."), at 2.

H&J in dealings with a number of the victims in the case; and (d) failed to disclose to Johnson the fact that, because of these conflicts, he could not try the criminal case. The January 27, 2005 amendment also asserted that Johnson's sentence was imposed in violation of <u>United States v. Booker</u>, 125 S. Ct. 758 (2005).

The motion submitted by defendant, including the amendment, does not comply with the Rules Governing Section 2255 Proceedings in the United States District Courts ("Section 2255 Rules"). In particular, Rule 2(b) provides, in pertinent part, that the motion must

> (1)   specify all the grounds for relief available to the moving party;

> (2)   state the facts supporting each ground;

> (3)   state the relief requested; . . . and

> (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.[4]

Although the Sixth Circuit has not had occasion to address the pleading standards applicable to § 2255 motions, the Second Circuit has stated as follows:

> To warrant plenary presentation of evidence, the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence. . . . Whether there is a genuine issue of material fact depends upon the sufficiency of those factual allegations. Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing.

<u>United States v. Aiello</u>, 814 F.2d 109, 113-14 (2d Cir. 1987) (citations omitted); <u>accord</u> <u>Taylor v. United States</u>, 287 F.3d 658,

---

[4]      Although this new version of Rule 2(b) took effect on December 1, 2004, the advisory committee notes to the 2004 amendments stated that "these changes [to Rule 2] are intended to be stylistic and no substantive change is intended."

661 (7th Cir. 2002) (noting that, while notice pleading is the standard in ordinary civil litigation, "Rule 2(b) departs from Rule 8 [of the Federal Rules of Civil Procedure] by requiring some fact pleading").

Johnson's motion, with his amendment, fails to comply with the Section 2255 Rules in the following respects:

1.  Although Johnson argues that his attorney failed to file a notice of appeal despite being instructed to do so, Johnson does not describe the facts and circumstances of his purported request. Johnson also does not explicitly seek a delayed appeal, which is the only appropriate remedy for the failure to file a notice of appeal;

2.  Johnson asserts that his attorney recommended that Johnson plead guilty without investigating the case, but he does not set forth the facts that counsel would have discovered had he conducted a more thorough investigation and does not explain how, if only counsel had discovered those facts, there is a reasonable probability that the outcome of Johnson's case would have been different;

3.  Johnson asserts that his attorney failed to explain the elements of the offense to which Johnson was pleading guilty, but he does not state that he was ignorant of the elements of the offense when he entered his guilty plea or that, if only he clearly understood the elements of the offense, there is a reasonable probability he would have eschewed a guilty plea and insisted on going to trial;

4.  Johnson asserts that his attorney failed to object to the presentence report, but does not describe the specific misstatements and errors in that report; and

5.  The January 27, 2005 amendment is not sworn to under penalty of perjury.

Prior to the 2004 amendments of the Section 2255 Rules, § 2255 motions that failed to comply with Rule 2 were returned to the prisoner without filing. The advisory committee notes to the 2004 amendments make clear that "the better procedure [is] to

accept the defective motion and require the moving party to submit a corrected motion that conforms to Rule 2(b)." Accordingly, Johnson is ORDERED, within thirty (30) days of the date of entry of this order, to file a second amended motion, sworn to under penalty of perjury, that sets forth the factual basis for his claims of ineffective assistance of counsel. If Johnson elects to pursue his claim that his attorney failed to file a notice of appeal, Johnson shall also explicitly ask to be permitted to file a late notice of appeal. Johnson shall also serve a copy of his second amended motion on the United States Attorney for the Western District of Tennessee.

It is ORDERED that the United States file a response to the defendant's motion within twenty-three (23) days from the date of filing of Johnson's second amended motion. If Johnson fails to file a timely second amended motion, the Government is ORDERED, within twenty-three (23) days from the due date of that motion, to file a response to Johnson's original motion, filed on January 10, 2005, as amended.

The Clerk shall provide a copy of the original and amended motions in this cause and this order to the United States Attorney for the Western District of Tennessee.

IT IS SO ORDERED this 28th day of October, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:05-CV-02020 was distributed by fax, mail, or direct printing on October 28, 2005 to the parties listed.

Tommy Parker
167 N. Main, 8th Floor
Memphis, TN 38103

USA

,

Benjamin Johnson
19553-076
P.O. Box 2099
Pollock, LA 71467--209

Honorable Samuel Mays
US DISTRICT COURT