IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ule D.C.

05 OCT 31 PM 5: 41

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Cv. No. 05-2020-Ma/V |
| | Cr. No. 04-20141-Ma |
| BENJAMIN JOHNSON, | |
| Defendant. | |

ORDER DENYING MOTION FOR RELEASE PENDING RESOLUTION OF
MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On January 10, 2005, defendant Benjamin Johnson, Bureau of Prisons inmate registration number 19553-076, an inmate at the Federal Prison Camp in Pollock, Louisiana, filed a pro se motion pursuant to 28 U.S.C. § 2255. On July 20, 2005, Johnson filed a motion seeking his release from custody pending the resolution of his motion pursuant to 28 U.S.C. § 2255.

This Court is authorized to order the release of prisoners, in appropriate circumstances, pending resolution of their habeas petitions. Fed. R. App. P. 23(b). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990)

(quoting <u>Aronson v. May</u>, 85 S. Ct. 3 (1964) (Douglas, J., in chambers)). The Sixth Circuit further observed that "[t]here will be few occasions where a prisoner will meet this standard." <u>Id.</u>

Release of the defendant pending resolution of his § 2255 motion is not warranted in this case. Although the defendant assumes that he is necessarily entitled to a new sentencing hearing, and a very substantial reduction in his sentence, in light of the Supreme Court's recent decision in <u>United States v. Booker</u>, 125 S. Ct. 758 (2005), the defendant's filings to date do not demonstrate a likelihood of success on that claim. Moreover, release of a convicted prisoner pending resolution of a § 2255 motion is available only in extraordinary cases, and the defendant has not alleged any circumstances that justify treating him differently from any of the other prisoners who may have potentially meritorious claims. <u>See</u> <u>United States v. Mett</u>, 41 F.3d 1281, 1282 n.4 (9th Cir. 1994) ("Special circumstances include 'a serious deterioration of health while incarcerated, and unusual delay in the appeal process.'") (citation omitted). Accordingly, the Court DENIES defendant's motion for release pending resolution of his § 2255 motion.

A decision denying release on bail pending resolution of a § 2255 motion is an appealable order. <u>Dotson</u>, 900 F.2d at 77-79. It is therefore necessary to consider whether defendant should be allowed to appeal this decision <u>in forma pauperis</u>, should he seek to do so. The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal <u>in forma pauperis</u> in a § 2255

case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, the defendant has not set forth any facts distinguishing his situation from that of the vast majority of prisoners who are incarcerated pending decisions on their § 2255 motions. The same considerations that lead the Court to deny this motion also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if the movant files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 31st day of October, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:05-CV-02020 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

---

Tommy Parker
U.S. ATTORNEY'S OFFICE
167 N. Main, 8th Floor
Memphis, TN 38103

USA
,

Benjamin Johnson
19553-076
P.O. Box 2099
Pollock, LA 71467--209

Honorable Samuel Mays
US DISTRICT COURT